David Kusketz, J.
Motion by defendants for an order dismissing the complaint (1) for failure to state facts sufficient to constitute a cause of action and (2) on the ground that the action is barred by the Statute of Limitations and by a release.
After this motion was made, plaintiff served an amended complaint containing three causes of action and the parties in their briefs have treated the motion as applying to the amended complaint and to each of the causes of action therein alleged.
In the first cause of action, plaintiff alleges that she is the widow of Osias Nathanson; that the defendants were his sons and are the executors of his estate; that on May 19, 1952, defendants individually and as executors entered into an agreement with the plaintiff whereby they assigned to her all of their right, title and interest in their father’s estate. Annexed to said agreement was a schedule of assets and liabilities of the estate as of December 31, 1951, purporting to show assets of $15,737.69 and liabilities of $1,811.77.
Plaintiff further alleges that the said schedule did not include all of the assets of the estate, but omitted moneys due to the estate from the defendants which had been lent to them by the decedent and other moneys which belonged to the estate. Plaintiff believes the assets of the estate exceed $65,000 and alleges that defendants have breached the agreement in that they have failed to turn over to plaintiff all their right, title and interest in the estate.
Annexed to the complaint is a copy of the agreement which recites that each of the defendants ‘ hereby assigns to ’ ’ the plaintiff ‘ ‘ all his right, title and interest in and to the Estate of osias EATHAErson, deceased, as legatee, devisee, distributee, *988 beneficiary or otherwise. ’ ’ Plaintiff asks damages in the sum of $50,000.
It is apparent from the face of the complaint that defendants agreed to assign their interest and that they did assign their interest in their father’s estate. If plaintiff believes that the executors have not collected all of the assets or have not paid to her the amount to which she is entitled, she may ask for an accounting in the Surrogate’s Court. The complaint does not state a cause of action for breach of the agreement.
In the second cause of action, plaintiff alleges that in order to conceal from her the extent of their indebtedness to their father and to defraud the plaintiff who had an interest in the estate, defendants entered into an agreement purporting to turn over to her the entire estate of the decedent; that to further the conspiracy, they represented that the estate was as set forth in the schedule annexed to the agreement and that it would be turned over to her on condition that she enter into a partnership agreement with them; that they ‘ ‘ caused ’ ’ her to enter into the partnership agreement in order to deprive her of all of the assets of the estate; that defendants so operated the partnership that all of the money invested by the plaintiff was lost, to her damage in the sum of $50,000.
It is apparent that plaintiff is not suing here on the partnership agreement, for she has not set forth its terms sufficiently to show a breach thereof by the defendants, nor has she alleged due performance on her part.
If plaintiff intends to allege a conspiracy by the defendants to breach their own agreement to assign their interests to her, such conspiracy does not constitute a separate cause of action apart from the action on the contract itself. (Labow v. Para-Ti Corp., 272 App. Div. 890; Friedman v. Roseth Corp., 270 App. Div. 988, affd. 297 N. Y. 495.)
Moreover, as noted in the discussion of the first cause of action, defendants have assigned their interest in their father’s estate to the plaintiff. If she has not received the benefit thereof, there are remedies available to her in the Surrogate’s Court. The second cause of action is insufficient.
In the third cause of action, plaintiff alleges that for many years prior to the death of the decedent, she was the designer of dresses for the business operated by the decedent and some of his sons; that she earned large salaries which were turned over to the decedent for safekeeping; that decedent “ out of the moneys held by him and out of other moneys belonging to him,” advanced $50 per week on behalf of the defendant John Nathanson, which moneys were to be repaid but were not *989 repaid; that defendants conspired to conceal the moneys so due; that they also conspired to obtain the plaintiff’s services as a designer without payment of wages, but on a drawing account against possible profits of the partnership; that plaintiff’s services were reasonably worth $200 per week; that defendants so manipulated the business that there were no profits and plaintiff’s assets were lost; that numerous cash sales were made by defendant John Nathanson, the proceeds of which were retained by him and not deposited with the funds of the partnership; that these facts were known by the other defendants who consented therein, all to plaintiff’s damage in the sum of $50,000.
To the extent that plaintiff alleges that defendant John Nathanson is indebted to the estate, plaintiff may enforce collection of such debt by the executors in the Surrogate’s Court. To the extent that plaintiff claims that John Nathanson is indebted to the partnership, relief should be sought under the partnership agreement by those entitled to enforce it. Certainly, these additional facts show no breach of the agreement by the defendants to assign to the plaintiff their interest in their father’s estate.
Since none of the three causes of action is sufficient, the complaint is dismissed with leave to the plaintiff to serve an amended complaint within 10 days after service of a copy of the order hereon, if she be so advised.
In view of this disposition of defendants’ motion under rule 106 of the Rules of Civil Practice, the motion under rule 107 is academic and is, therefore, dismissed.
Submit order.